UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――
                                                              :
In re:                                                      :
                                                              :
SDNY 19 MAD PARK, LLC,                    :       Chapter 11
                                                              :
                                                              :       Case No. 14-11055 (ALG)
                        Debtor.                       :
―――――――――――――――――――――――――――――:

MEMORANDUM OPINION AND ORDER DENYING MOTION
TO EXTEND AUTOMATIC STAY TO THIRD-PARTY

SDNY 19 Mad Park, LLC (the "Debtor") filed a motion seeking entry of an order extending the automatic stay imposed by § 362 of the Bankruptcy Code to Antonio Magliulo, a member and the manager of the Debtor, with respect to two lawsuits (the "Actions") commenced against the Debtor and Mr. Magliulo.  The first was brought by employees alleging that the Debtor failed to comply with the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FSLA") by failing to pay tips and alleged overtime to the Plaintiffs (the "Wage Action"). The second unrelated action was brought by a former employee, alleging malicious prosecution.

The Debtor owns and operates a first-class restaurant and wine bar known as SD26 located in the Madison Square Park area of New York City (the "Restaurant").  Magliulo's management of the Restaurant is governed by the Debtor's Amended and Restated Operating Agreement (the "Operating Agreement"), which contains an exculpation provision, shielding Magliulo from liability to the Debtor for any claim, costs, damages or losses arising out of or in connection with his managerial duties, in the absence of gross negligence or willful misconduct.  [Operating Agreement, § 5.1(d)].  In addition, the Operating Agreement provides for indemnification of Magliulo as manager and member of the Debtor, except where there is a judicial determination of gross negligence, bad faith, fraud or willful misconduct by the indemnitee in the discharge of his or

her duties. [Operating Agreement, § 10.2, 10.3, 10.4 & 10.6]

The Debtor argues that allowing the Actions to proceed against Magliulo would have a binding res judicata effect on the claims against the Debtor's estate, that irreparable harm would be caused to the Debtor's estate by allowing continued prosecution of the action against Magliulo because there is "an absolute identity of interest" between the Debtor and Magliulo, and that Magliulo's exculpation and indemnification rights would result in binding claims against the Debtor's estate. The Debtor further argues that any legal costs incurred by Magliulo in defending the Actions will impair his ability to fund Debtor's post-petition operations and impair his ability to voluntarily defer salary when cash flow is low.

The Wage Action plaintiffs maintain that the Wage Action, which is pending in the District Court, is ready for trial, that the Debtor's argument based upon the indemnification provisions is unavailing because indemnification agreements relating to NYLL and FLSA claims are unenforceable, and that there is a strong likelihood that indemnification would be denied because of the intentional/willful nature of Magliulo's actions.

## *DISCUSSION*

A bankruptcy petition ordinarily stays litigation against the filing entity and not against principals or affiliates. *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). Courts have, however, extended the automatic stay to principals and affiliates of a debtor under § 105 of the Bankruptcy Code. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986); *In re United Health Care Org.*, 210 B.R. 228 (S.D.N.Y. 1997); *In re Johns-Manville Corp.*, 26 B.R. 420 (Bankr. S.D.N.Y. 1983). Indeed, even in the absence of a motion, the Second Circuit has concluded that the automatic stay applied as against the individual debtor's personal holding

company, where "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

The grant of a motion staying an action against a debtor's principal, however, is extraordinary relief. *In re FPSDA I*, LLC, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. December 21, 2012). As this Court concluded in *In re Capitale Ventures I, LLC*, 2014 Bankr. LEXIS 3099 at *3 (Bankr. S.D.N.Y. July 21, 2014), another case involving claims of employees against the principal of a restaurant in chapter 11, the Debtor has not shown entitlement to the relief it seeks on the record before the Court. The possibility that a decision in the District Court litigation will be precedential or preclusive in litigation against the defendants is not enough. As stated by the Circuit in *Queenie*,

> We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants. *Queenie*, 321 F.3d at 288.

For similar reasons, the possibility that Magliulo has indemnification rights against the Debtor does not tip the balance in favor of a stay. First, there is conflicting law on a defendant's right to indemnification against a judgment in a case under the NYLL and the FLSA. The Wage Action plaintiffs have cited to cases in this district where the court refused to enforce indemnification provisions in such suits. *See, e.g.*, *Goodman v. Port Authority of N.Y. and N.J.*, 850 F.Supp.2d 363, 388-389 (S.D.N.Y. 2012); *Holt v. Animation Collective, Inc.*, No. 13 Civ. 2552, 2014 WL 1413548 *3 (S.D.N.Y. Apr. 9, 2014). Other courts in this Circuit have enforced indemnification provisions. *See e.g.*, *Bogosian v. All American Consessions*, No. 06 Civ. 2814,

3

2011 WL 4460362 (E.D.N.Y. 2011); *Amaya v. Garden City Irr., Inc.*, No. 03 Civ. 2814, 2011 WL 56471 (E.D.N.Y. 2011).

Without reaching this issue as a matter of substance, the Debtor fails to show that any indemnification rights that Magliuli may have should result in a stay of the actions against him. The fact that a Debtor may have to indemnify a third-party is alone not a sufficient basis to extend the automatic stay to that party because the justification for extending the stay "must be consistent with the purpose of the stay itself, [which is] to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts." *FPSDA I, LLC*, 2012 WL 6681794, at *11, quoting *In re Uni-Marts,* LLC, 399 B.R. 400 (Bankr. D. Del. 2009). Although any indemnification claim that Magliuli might have against the Debtor might arguably be liquidated in the Actions, the possibility of the offensive use of estoppel in this case does not justify extending the stay to him, as the Circuit Court held in *Queenie*. There is nothing in the record to indicate that Magliuli's defense of the Actions would not be as vigorous as if the Debtor remained a defendant. The possible liquidation of the amount of an indemnification claim does not under the circumstances of this case provide grounds to extend the stay to him.[1]

As in *Capitale*, the allegations here that there will be interference with the Debtor's reorganization are not sufficiently supported to justify the relief sought by the debtor. To quote *Capitale*:

> the facts of this case bear no resemblance to the mass tort cases of *A.H. Robins* and *Johns-Manville*, where thousands of personal injury cases were pending against corporations and the plaintiffs' attorneys began filing them against management after the stay against the corporate defendants went into effect. Several courts have

---

[1] After the bankruptcy of a securities issuer, the non-debtor defendants in securities actions routinely assert indemnification and contribution against the debtor-issuer, but as far as the Court is aware, there is no authority that these types of lawsuits are subject to the § 105 automatic stay merely on the basis that there might be indemnification rights against the debtor.

4

> refused to stay suits brought under the Fair Labor Standards Act and the New York Labor Law against principals of corporate defendants based on alleged interference with the principals' management of a debtor's affairs.

*Capitale*, 2014 Bankr. LEXIS 3099 at *4, *citing Millard v. Developmental Disabilities Inst., Inc.*, 266 B.R. 42 (E.D.N.Y. 2001); *FPSDA II, LLC v. Larin (In re FPSDA I, LLC)*, 10-75439, 2012 WL 6681794 (Bankr. E.D.N.Y. Dec. 21, 2012), as corrected (Dec. 26, 2012), *appeal dismissed*, 13-CV-1093 JS, 2014 WL 108419 (E.D.N.Y. Jan. 8, 2014).

In determining whether a § 105 injunction is warranted, the following must also be considered:

> The first requirement is that there be danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize. Second, there must be a reasonable likelihood of a successful reorganization. Third, the court must balance the relative harm as between the debtor and the creditor who would be restrained. Fourth, the court must consider the public interest; this requires a balancing of the public interest in successful bankruptcy reorganizations with competing societal interests."

*In re United Health Care Org.*, 210 B.R. 228, 233 (S.D.N.Y. 1997), *quoting* 2 COLLIER ON BANKRUPTCY ¶ 105.02[2] at 105–13 (15th ed.1997), *quoting In re Monroe Well Serv., Inc.*, 67 B.R. 746, 752–53 (Bankr.E.D.Pa.1986).   As noted in *Capitale*, 2014 Bankr. LEXIS 3099 at *4,

> Courts have stayed litigation against individual corporate defendants where a collection action diverted and substantially interfered with resolution of a bankruptcy case by foreclosing a definite and fixed source of funding necessary to resolution of the bankruptcy. *See*, *e.g.*, *In re United Health Care Org.*, 210 B.R. 228, 233 (S.D.N.Y. 1997).

However, the Debtor has not made the necessary showing on the instant record.   Although it has a possibility of a successful reorganization if it is able to conclude a sale of the business, it has not shown a "danger of imminent, irreparable harm." Further, it has not shown that the balance of relative harms tilts in its favor or that the public interest favors a stay.

5

Based upon the foregoing, it is hereby

ORDERED, that the Debtor's motion to extend the § 362 automatic stay is denied.

.

Dated: New York, New York
      September 11, 2014

                          /s/ ALLAN L. GROPPER
                          UNITED STATES BANKRUPTCY JUDGE